# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                          Case No. 11-CR-241

CHRISTOPHER HALFMANN,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S PRETRIAL MOTION TO SEVER

On December 20, 2011, a federal grand jury in the Eastern District of Wisconsin returned a six count superseding indictment against defendants John J. Kellogg ("Kellogg"), Mark A. Barlament ("Barlament"), Michael A. Renken ("Renken"), and Christopher J. Halfmann ("Halfmann"). In Count One of the superseding indictment, Kellogg, Halfmann, and Barlament are charged with selling and transporting wildlife with a market value in excess of $350 that they knew had been taken and possessed in violation of Wis. Stat. § 29.024, in violation of 16 U.S.C. § 3372(a)(2)(A), 3373(d)(1)(B) and 2 (the "Lacey Act"). In Count Two of the superseding indictment, Kellogg, Halfmann, and Renken are charged with attempting to sell and transport wildlife with a market value in excess of $350 that they knew had been taken and possessed in violation of Wis. Stat. § 29.024 and § 29.184, in violation of the Lacey Act.

In Counts Three, Four, Five, and Six of the superseding indictment, each of the four defendants individually are charged with knowingly and willfully making a false, fictitious, and fraudulent statement as part of a federal criminal investigation, in violation of 18 U.S.C. § 1001(a)(2).

Halfmann was arraigned on the charges and entered a plea of not guilty. A final pretrial conference is scheduled for June 29, 2012 and jury trial is scheduled for July 23, 2012 before the Honorable William C. Griesbach.

Halfmann has filed a pretrial motion requesting that his case be severed from that of his three co-defendants. The motion has been fully briefed and is now ready for resolution. For the reasons discussed below, Halfmann's motion to sever will be denied.

## BACKGROUND

As noted above, a grand jury in this district returned a six count superseding indictment against Kellogg, Barlament, Renken, and Halfmann, alleging violations of the Lacey Act and making false statements to federal agents. The Lacey Act, 16 U.S.C. §§ 3371-3378, prohibits the sale and transportation of wildlife in interstate commerce when it is taken or possessed in violation of state law. (Gov't Resp. at 1, Docket # 40.) The statute also prohibits the attempt to commit such an offense. (*Id.*) The statute further prohibits the sale and purchase of guiding and outfitting services and invalid licenses and permits. (*Id.*); 16 U.S.C. § 3372(c).

Specifically, Halfmann is charged with providing guiding services on two bear hunts occurring on September 11, 2009 and September 9, 2011. (Def.'s Mot. to Sever at 2, Docket # 36), (Gov't Resp. at 2.) Halfmann is further charged with making false statements to a federal agent in violation of 18 U.S.C. § 1001(a)(2). Specifically, as part of a federal criminal investigation into the unlawful tracking and killing of a black bear on September 9, 2011, Halfmann was interviewed by a United States Department of Interior - Fish and Wildlife Services ("FWS") special agent. (Superseding Indictment, Count Six, ¶ 2, Docket # 10.) During the interview, Halfmann allegedly falsely stated that Kellogg was neither guiding others on the hunt nor was Kellogg in Halfmann's hunting party that day, when in fact Halfmann allegedly knew Kellogg was unlawfully guiding others on the black bear hunt. (*Id*.

¶ 3.) Halfmann also allegedly falsely stated that Renken shot and killed the bear when Halfmann allegedly knew Kellogg illegally shot and killed the bear. (*Id.*)

## DISCUSSION

### Joinder

Halfmann does not dispute that he and his three co-defendants are properly joined under Fed. R. Crim. P. 8. (Def.'s Mot. to Sever at 2.) Fed. R. Crim. P. 8(b) permits joinder of multiple defendants in the same indictment if the defendants are "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The rule is whether the indictment alleges that the defendants participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998). The test is what the indictment charges, not what the evidence shows. *Id.* The defendants must be charged with crimes that "well up" out of the same series of such acts, but they need not be the same crimes. *Id.*

The superseding indictment alleges all four defendants engaged in violations of the Lacey Act stemming from two illegal bear hunts, as well as making false statements to a FWS special agent as part of a criminal investigation into the bear hunts. Because the indictment alleges the defendants engaged in the same series of acts or transactions constituting the offenses, joinder is proper. Halfmann concedes as much but moves for severance pursuant to Fed. R. Crim. P. 14(a).

### Prejudice

Even though the defendants are properly joined in the indictment, Fed. R. Crim. P. 14(a) provides that if the joinder of defendants appears to prejudice a defendant or the government, the court may sever the defendants' trials. When defendants have been properly joined under Fed. R.

Crim. P. 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). It is well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. *Id.* at 540.

It is the defendant's burden to demonstrate a strong showing of prejudice. *United States v. Moya–Gomez*, 860 F.2d 706, 767–68 (7th Cir. 1988). A mere showing of some prejudice will not warrant severance. *United States v. Madison*, 689 F.2d 1300, 1305 (7th Cir. 1982). Rather, the defendant must show that he is unable to obtain a fair trial without severance. *United States v. Thornton*, 197 F.3d 241, 255 (7th Cir. 1999).

Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted. *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003). Rule 14(a) provides:

> If joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

While Rule 14 provides the court *may* sever the defendants' trials, Rule 14 does not require severance, even if prejudice is shown. *Zafiro*, 506 U.S. at 538-39. Rather, it leaves the tailoring of the relief to be granted, if any, to the district court's discretion. *Id.* at 539.

A decision to grant or deny a motion for severance under Rule 14 will only be reversed for an abuse of discretion. *United States v. Hogan*, 886 F.2d 1497, 1506 (7th Cir. 1989). The reason for such deference is that, where joinder is proper under Rule 8, there are substantial economies to be gained from a joint trial. *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985). Once again,

the general policy is that persons jointly indicted be tried together. *United States v. Giangrosso*, 779 F.2d 376, 379 (7th Cir. 1985).

In deciding a motion for severance, the court should balance the interests of the defendant in severance against the government's interest in judicial economy. *United States v. Rivera*, 825 F.2d 152, 159 (7th Cir. 1987). "The danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multidefendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all." *Velasquez*, 772 F.2d at 1352. Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance—i.e., it does not independently establish 'actual prejudice.'" *United States v. Caliendo*, 910 F.2d 429, 438 (7th Cir. 1990) (quoting *Moya-Gomez*, 860 F.2d at 764-65).

The Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: (1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants. *United States v. Clark*, 989 F.2d 1490, 1499 (7th Cir. 1993).

In this case, Halfmann makes two distinct arguments for severance. First, Halfmann argues if he is jointly tried with Kellogg, there is a possibility Kellogg would choose not to testify; thus, Halfmann would be denied the ability to extract exculpatory testimony from Kellogg that Halfmann was not paid or given other consideration by Kellogg to help Kellogg provide guiding services to two undercover FWS agents on two separate hunts. (Def.'s Mot. to Sever at 3.)

When a defendant seeks a severance to avail himself of allegedly exculpatory testimony from a co-defendant, a trial court must consider three factors: (1) whether the co-defendant's testimony would be exculpatory; (2) whether the co-defendant would in fact testify; and (3) whether the testimony would bear on defendant's case. *United States v. Tolliver*, 937 F.2d 1183, 1189 (7th Cir. 1991). To justify severance, a defendant must provide some support, such as an affidavit or the existence of recorded testimony, that his co-defendant would testify in a manner which would exculpate him. *United States v. Andrus*, 775 F.2d 825, 847 (7th Cir. 1985). Severance cannot be granted on the basis of a vague, unsupported assertion that a co-defendant would testify favorably in a separate proceeding. *Id.*

While Halfmann asserts that if he and Kellogg were tried together Kellogg might choose not to testify, Halfmann provides no support for the assertion that Kellogg will not testify at trial or that if Kellogg does testify, his testimony will exculpate Halfmann. Halfmann merely states he wants the opportunity to question Kellogg on this matter. Halfmann's unsupported assertion that Kellogg may testify favorably in a separate proceeding is insufficient to justify severance in this matter at this time. *See id*. Thus, Halfmann's motion to sever on this ground will be dismissed, without prejudice. Should the evidence later show Kellogg will provide exculpatory testimony, the court may revisit the issue of severance.

Second, Halfmann makes two related arguments that he will be prejudiced due to evidentiary spillover. First, Halfmann argues there is a "marked difference in degree of culpability between Kellogg and Halfmann, and a marked difference between the two defendants in the amount of evidence [the government] will introduce against each." (Def.'s Mot. to Sever at 5.) Next, Halfmann argues there are a large number of incriminating statements made by Kellogg on various recordings,

whereas the recordings of Halfmann are limited to his presence only on the dates of the two charged hunts. (*Id.*) Halfmann argues while the recordings of Kellogg are inadmissible against Halfmann, they would be heard by the jury in a joint trial and unfairly prejudice Halfmann. (*Id.*)

To succeed on a claim of prejudice due to disparities in the evidence (or evidentiary spillover) a criminal defendant must rebut the presumptions that a jury will: (1) capably sort through the evidence and (2) follow instructions from the court to consider each defendant separately. *United States v. Edwards*, 36 F.3d 639, 647 (7th Cir. 1994); *United States v. Lopez*, 6 F.3d 1281, 1286 (7th Cir. 1993); *United States v. Smith*, 995 F.2d 662, 671 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." *Lopez*, 6 F.3d at 1286 (citing *United States v. Doerr,* 886 F.2d 944, 972 (7th Cir. 1989)).

Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. *United States v. Papia*, 560 F.2d 827, 837 (7th Cir. 1977). The mere existence of such a disparity "is not itself grounds for a severance." *Doerr*, 886 F.2d at 972 (citations omitted). "Instead, 'the relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him.'" *Id*. (citations omitted).

Here, instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against each defendant will effectively prevent evidentiary spillover. *See United States v. Peters*, 791 F.2d 1270, 1303 (7th Cir. 1986); *United States v. Hendrix*, 752 F.2d 1226, 1232 n.6 (7th Cir. 1985); *see also Velasquez*, 772 F.2d at 1352. As previously stated, it is presumed juries will capably sort through the evidence and will follow limiting instructions from the court to

consider each defendant separately. *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995). Further, the Seventh Circuit has noted that limiting instructions are "an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence." *United States v. Turner*, 93 F.3d 276, 284 (7th Cir. 1996). Although Halfmann argues there is a disparity in the evidence between himself and Kellogg, he has failed to show that the jury in a joint trial will not be able to fulfill its duty in sorting through the evidence.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to sever (Docket # 36) be and hereby is **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to this order or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2012.

BY THE COURT

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge